IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

FREDERICK MCGEE                                                              PLAINTIFF

VS.                                                   CIVIL ACTION NO. 3:08cv39-HTW-LRA

CORPORAL LARRY DAVIS                                                         DEFENDANT

## ORDER

This cause is before the Court upon the Motion to Dismiss, or in the Alternative, Summary Judgment, document number 23, filed by Corporal Larry Davis [hereinafter "Defendant"]. Although Frederick McGee [hereinafter "Plaintiff"] has not responded to the motion in writing, his sworn testimony at the omnibus hearing conducted on the 10th day of April, 2008, shall be considered by the Court.

According to Plaintiff's testimony at the omnibus hearing, Plaintiff was incarcerated in the Hinds County Detention Center in Raymond, Mississippi, on December 23, 2007. Plaintiff was outside his cell, and Deputy Harper, the housing deputy, told him to get back in his cell. Deputy Cooper walked him to his cell, Plaintiff entered it, and Deputy Harper checked his cell and closed the door. Then Defendant, who was the corporal, came to the cell with some 10-15 other officers and ordered Deputy Harper to open Plaintiff's cell door. Plaintiff asked at least three times why he was ordered to "catch" his cell for no reason. After the third time, Defendant signaled to the other officers to "get him." "Under the authority of Corporal Davis," Plaintiff charges that four deputies then assaulted him. Deputies Jenkins and Cooper grabbed his throat; Deputy Pettis grabbed his arm and stepped on his feet and punched him in his mouth. As a result of the assault, Plaintiff suffered from a chipped tooth and a lower back injury; he also began having migraine

headaches. Defendant "ordered" the assault but Defendant also "stepped on me like a roach," according to Plaintiff. Plaintiff contends that he received a swollen ankle as a result of Defendant stepping on him.

Plaintiff conceded that Deputy Harper's arm was somehow broken during the melee. He testified that he personally had no physical contact with Deputy Harper and does not know how his arm was broken. Plaintiff was taken to the medical unit after the incident. He was given a towel for his bleeding head and treated with ibuprophen. His only permanent injury was his lower back injury.

In the motion to dismiss, Defendant contends that the motion "is submitted on behalf of Hinds County, Mississippi, to the degree that the subject claim was filed against Hinds County Deputy Larry Davis in his official capacity...." See Motion to Dismiss, p. 1. The Court notes that Defendant Davis is the only Defendant named in this case; Hinds County is not named as a Defendant. The Court will assume that Plaintiff intends to sue Defendant Davis in both his individual capacity and in his official capacity, although this is not specifically set forth in the Complaint. Defendant appears to seek a ruling from the Court that any liability he may have would only be against him individually and not against him in his official capacity as an officer of Hinds County.

For purposes of this motion, Defendant concedes Plaintiff's version of the facts: (1) that he ordered other officers to assault Plaintiff, with no provocation, (2) that Defendant himself stepped on Plaintiff as a part of this assault; and, (3) Plaintiff was physically injured as a result of the assault. Assuming these factual allegations are true, a constitutional claim has been stated: the Eighth Amendment forbids cruel and inhuman treatment. Directing officers to physically assault an inmate, with no provocation, and

assaulting an inmate by stomping on him, are sufficient allegations to create a factual issue as to whether or not a constitutional violation has occurred.

It is questionable as to whether Plaintiff's Complaint clearly states an action against Defendant Davis in his individual capacity. The Court notes that § 1983 individual capacity complaints must be pleaded with "factual detail and particularity." Schultea v. Wood, 47 F.3d 1427, 1429-30 (5th Cir. 1995). However, federal courts should construe the pleadings in favor of the pleader. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). Furthermore, Plaintiff is prosecuting this case *pro se*, and his pleadings must be liberally construed. Pena v. United States of America, 122 F.3d 3, 4 (5th Cir. 1997).

As stated, Defendant attempts to secure a ruling that no liability would exist on these facts as to his official capacity as a Hinds County officer. Because this case cannot be dismissed against Officer Davis in his individual capacity, the Court finds it premature to make a determination of his potential liability in his official capacity. An evidentiary hearing must be conducted on the merits of Plaintiff's allegations in any case, as factual disputes exist. It is unnecessary to render a judgment at law at this stage of the litigation when a fact-finding hearing is required to determine whether individual liability exists. Accordingly, the instant motion shall be denied at this time, without prejudice as to Defendant's right to reurge the motion at the hearing on the merits.

IT IS, THEREFORE, ORDERED that Defendant's Motion to Dismiss, or in the Alternative, Summary Judgment [#23] is **denied** without prejudice.

SO ORDERED, this the 13th day of March, 2009.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE