## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

FREDERICK MCGEE                                                                              PLAINTIFF

VS.                                                              CIVIL ACTION NO. 3:08cv39-LRA

CORPORAL LARRY DAVIS                                                              DEFENDANT

### MEMORANDUM OPINION AND ORDER

This cause came before the undersigned United States Magistrate Judge on November 8, 2010, for a trial regarding the Complaint filed by the *pro se* Plaintiff, Frederick McGee. Pursuant to 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, and the consent of the parties, Judge Henry T. Wingate assigned this case for all purposes to the undersigned by Order[1] filed July 10, 2008. Plaintiff presented his case *pro se,* whereas Defendant Corporal Larry Davis was represented by attorneys Jason Dare and Lawson Hester.

Jurisdiction of this case is based upon 42 U.S.C. § 1983. The Plaintiff is a convicted felon who was housed in the Hinds County Detention Center on December 23, 2007. Defendant Corporal Larry Davis was the officer in charge of the Detention Center at that time.

The only issue now before the Court is whether Corporal Davis used excessive force against Plaintiff on December 23rd, or ordered other officers to use excessive force against

---

[1] ECF No. 24.

him.   The Eighth Amendment prohibits the cruel and inhuman treatment of prisoners.   To prevail on an excessive force claim, plaintiffs must establish "(1) an injury (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." *Freeman v. Gore*, 483 F.3d 404, 416 (5th Cir. 2007) (quoting *Tarver v. City of Edna*, 410 F.3d 745, 751 (5th Cir. 2005)).

It is the Plaintiff's burden to prove these elements by a preponderance of the evidence; he must prove the allegations he makes against Corporal Davis are true.  It is the duty of the Court to weigh the evidence presented and to determine whether or not the Plaintiff has proven his claims by establishing that this Defendant violated his constitutional rights.

The Court concludes that the Plaintiff has failed to meet his burden of proof.  The Plaintiff's own testimony confirms that Defendant Davis never touched him.  Plaintiff's only claim against Defendant Davis is that Davis made a "gesture" to the other guards which instructed the guards to assault Plaintiff.

Derrick Palmer, Jimmy Howard Tucker, and Perry Bayles were all transported from various correctional facilities to the Court to give testimony at the request of Plaintiff.  These witnesses did not corroborate Plaintiff's version of the incident insofar as Defendant Davis's actions were concerned.  None of the witnesses actually saw what occurred in Plaintiff's cell.  None of the witnesses saw Corporal Davis touch Plaintiff or make any "gesture" to the other officers.

Defendant Davis testified regarding the events which occurred on December 23rd at the Detention Center. He categorically denied harming Plaintiff in any way or directing any other person to harm Plaintiff. He testified that he did not use any gesture to direct the other officers or tell the officers to harm Plaintiff. He testified that all force used against Plaintiff was reasonable and necessary under the circumstances. The Court specifically finds that Defendant was convincing and credible and appeared to be testifying truthfully in all respects. The testimony of his witnesses, Joel Williams and Michael Harper, was consistent with Defendant's and with one another. In weighing Plaintiff's evidence against that of Defendant, the Court finds that the Defendant's version of the events which occurred on December 23rd must be accepted as the truth.

The Court finds that whatever force was applied to Plaintiff when he was restrained by the deputies was not severe, and the evidence falls short of proving that Plaintiff was beaten or assaulted by anyone. Plaintiff has failed to prove that Defendant violated his rights as secured by the United States Constitution.

For these reasons, the Complaint is hereby dismissed with prejudice and a Final Judgment shall be entered in favor of Defendant Corporal Larry Davis on this date.

SO ORDERED, this the 10th day of November, 2010.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE